PEOPLE ex rel. LYON v. NELSON et al., Board of Trustees of Village of Peekskill, et al.

(Supreme Court, Appellate Division, Second Department.   April 10, 1914.)

1. EMINENT DOMAIN (§ 131*)—COMPENSATION—AMOUNT OF AWARD.
   An award of damages for land appropriated to widen a street cannot be for less than the value of the property actually condemned.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 353; Dec. Dig. § 131.*]

2. EMINENT DOMAIN (§ 205*)—AMOUNT OF COMPENSATION.
   Peekskill Village Charter (Laws 1883, c. 117, tit. 7, § 6) authorizes commissioners to award to the owners of land taken for public improvements such damages as are sustained after making allowance for benefits, and requires them at the same time to apportion the damages upon all the improvements on the real estate benefited, but if the whole of the damages cannot be equitably assessed, they shall only assess such part as is equitable, and the balance shall be paid by a general tax upon the village. In proceedings to condemn land for street widening, the owners' witnesses valued one parcel at from $1,734 to $2,082, and another parcel at from $1,675 to $2,010, while the village's witnesses valued the parcels, respectively, at from $550 to $2,000 and from $670 to $1,500.   There was evidence that the cost of removing parts of the buildings necessitated by the improvements was $167 and $396, respectively.   The commissioners awarded the owner $1 for each parcel, and the report stated that that amount represented his damages after making due allowance for benefits, and that the whole of the damages awarded should be assessed against the village at large, together with the expenses of the proceeding.   *Held*, that the commissioners exercised their powers in an unlawful manner so as to result in taking the property without just compensation.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 544; Dec. Dig. § 205.*]

Certiorari by the People, on relation of E. De Motte Lyon, against Thomas Nelson and others, to review a determination of the board of Trustees of the Village of Peekskill.   Determination annulled, and matter remitted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

James W. Husted, of Peekskill, for relator.
Leverett F. Crumb, of Peekskill, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1897 to date, & Rep'r Indexes

STAPLETON, J. We are hearing a cause instituted by a writ of certiorari to review the determination of the trustees of the village of Peekskill, a municipal corporation, which confirmed the award of commissioners appointed by the county court of the county of Westchester to ascertain and assess the damages claimed by owners of lands appropriated for the purpose of widening South street in that village, and to assess and apportion the damages on real estate to be benefited by the improvement. No question is raised as to the propriety of this proceeding, and no fault is found with the regularity of the proceedings to widen South street, down to the point where the commissioners made their determination. Among the lands to be acquired for the public improvement were two parcels belonging to the relator. One parcel contains 138.8 square feet, and has a frontage on South street of 40 feet and an average depth of 3.47 feet. The other parcel contains 134 square feet, has a frontage on South street of 33.88 feet, and an average depth of 3.90 feet. South street is the main thoroughfare of the village, and the widening proposed was of one block. The buildings on the block are devoted to business purposes. With the exception of the relator and the Peekskill Savings Bank, a corporation, all the owners of property on the block ceded to the village corporation the land for street purposes. The property of the Peekskill Savings Bank was acquired for $1,200; the area acquired was 127.5 square feet. In the condemnation proceeding the relator called witnesses to prove the value of the parcels sought to be taken. On one parcel they placed valuations ranging from $1,734 to $2,082, and on the other parcel from $1,675 to $2,010. Witnesses for the corporation placed valuations ranging from $550 to $2,000 on one parcel, and from $670 to $1,500 on the other. As to one parcel, testimony was received by the commissioners that the actual cost of removing a bay window and of restoring the front of the building after the removal would be at least $167; and as to the other parcel testimony was received that the actual cost of removing the front of the building and of restoring it would be not less than $396.50. For each parcel of property the commissioners awarded the relator $1, and, over the objection and against the protest of the relator, the trustees confirmed that award. The report contains the declaration that that amount represented the damages that the relator would sustain "after making due allowance for any benefit which the said E. De Motte Lyon might derive therefrom." In discharging the duty of making an assessment for the improvement, they made this report:

"We do further report that in our judgment the whole of the damages awarded herein should be assessed, and become a charge upon the village of Peekskill at large, together with the costs and expenses of this proceeding."

The defendants defend the report upon the ground that the charter of the village of Peekskill (chapter 117, Laws of 1883, tit. 7, § 6) authorized the commissioners to—

"determine and award to the owner or owners so claiming damages as aforesaid such damages as in their judgment such owner or owners will sustain by such improvement, after making due allowance for any benefit which such owner or owners may derive therefrom; they shall at the same time

.assess and apportion the said damages, if any, of such improvement on the real estate benefited thereby, as nearly as may be in proportion to the benefit resulting therefrom; but, if the whole of such damages cannot justly and ·equitably be assessed on the real estate as above provided, then the said ·commissioners shall only assess such portion thereon as, in their opinion, will be equitable and just; and the balance thereof they shall assess to be paid by a general tax upon the village, and such balance shall thereupon become a charge upon said village, and shall be added to and raised with the next general assessment or tax levy for village purposes, and the same shall be payable to the persons entitled thereto, as soon as the same shall be collected as above provided. The said commissioners shall briefly describe the real estate upon which any assessment is made by them, and shall ·designate the owners of the several parcels thereof; and what parcels, if ·any, are owned by nonresidents, according to the best information they can ·obtain, which assessments shall be collected by the trustees from such owners under a warrant for that purpose to the receiver of taxes in said village in the same manner as taxes in said village are collected."

[1] It is now settled that in no case shall an award be made for less than the value of the property actually taken by condemnation. Matter of City of New York, 190 N. Y. 350, 360, 83 N. E. 299, 16 L. R. A. (N. S.) 335. And in construing the provisions of a statute similar in import to the statute involved here, we have had occasion to say:

"Unless the provisions of the Village Law (Consol. Laws, c. 64 [Laws of 1909, c. 64], § 152), relating to compensation, are limited to consequential ·damages resulting to a portion of a tract not taken, and are not applied to actual damages for land actually taken, such act would be unconstitu- tional." In the Matter of the Widening of a Portion of Pondfield Road, in the Village of Bronxville, 156 App. Div. 890, 141 N. Y. Supp. 1143.

That the powers of eminent domain and taxation were blended by law in the same commissioners does not affect this rule.

"The exercise of the right of eminent domain operates upon an individual, ·and without reference to the amount or value exacted from any other in- ·dividual, or class of individuals. * * * Taxation operates upon a com- munity, or upon a class of persons in a community, and by some rule of ap- portionment." People v. Mayor, etc., of Brooklyn, 4 N. Y. 419, 424 (55 Am. Dec. 266).

[2] The commissioners whose determination was confirmed under- took to exercise their dual powers in an unlawful manner, with the re- sult of taking the private property of the relator for public use without just compensation.

The determination of the defendants, confirming the report of the ·commissioners, should be annulled, with $50 costs and disbursements, .and the matter remitted to the trustees for action in accordance with ·chapter 117 of the Laws of 1883. All concur.